**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

STATE OF INDIANA, )
STATE OF ALASKA, )
STATE OF FLORIDA, )
TERRITORY OF GUAM, )
STATE OF MAINE, )
STATE OF MARYLAND, )
COMMONWEALTH OF MASSACHUSETTS, )
STATE OF NEW HAMPSHIRE, )
STATE OF NEW MEXICO, )
STATE OF OREGON, )
COMMONWEALTH OF PENNSYLVANIA, )
STATE OF RHODE ISLAND, )
STATE OF TENNESSEE, )
STATE OF TEXAS, )
STATE OF VERMONT, )
STATE OF WASHINGTON, )
)
Plaintiffs, )
)
v. ) No. 1:26-cv-02122-TWP-MG
)
EIDP, INC. FORMERLY KNOWN AS E.I. DU PONT DE NEMOURS AND CO., )
CORTEVA, INC., )
VYLOR, INC., )
)
Defendants. )

**<u>ORDER GRANTING DEFENDANTS' MOTION TO STAY</u>**

This matter is before the Court on Defendants' Motion to Stay Pending Emergency Motions on Appeal (Filing No. 78). At approximately 5:00 p.m. ET on October 9, 2026, the Court entered a Temporary Restraining Order (the "TRO") (Filing No. 77). At around 2:00 p.m. ET on October 10, 2026, Defendants filed the instant Motion seeking a temporary administrative stay of the TRO pending resolution of a forthcoming motion for emergency relief at the Seventh Circuit Court of Appeals. Plaintiffs were ordered to file a response, if any, by 4:45 p.m. ET on October 10, 2026.

Plaintiffs timely submitted their response, which was submitted via email due to time constraints. Plaintiffs' email response will be docketed as a separate entry.

"The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." *In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). "To determine whether to grant a stay, [the court] consider[s] the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *Id.* "As with a motion for a preliminary injunction, a 'sliding scale' approach applies; the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Id.* The purpose of a stay pending appeal "is to minimize the costs of error." *Id.*

In their Motion to Stay, Defendants note that the Court found that the issue of irreparable harm was a "close call." (Filing No. 78 at 3). Defendants also elaborate on the irreparable harm they may suffer if the TRO is not stayed, and they contend that Plaintiffs will suffer no harm from a stay because "no Defendant has the intention (or even the ability) to issue dividends or stock buybacks during the few days necessary to permit the Seventh Circuit to consider Defendants' forthcoming expedited request for a stay pending appeal." *Id.*

In their response, Plaintiffs assert that Defendants have failed to show that the TRO is an appealable interlocutory order. Plaintiffs contend that Defendants continue to inadequately support their claims of irreparable harm and improperly assert several new arguments not raised in their TRO briefing. Plaintiffs also assert that a stay would "effectively undo the temporary restraining order, which only lasts 14 days," risking the irreparable harm to Plaintiffs described in the Court's TRO. Plaintiffs add that "[i]f the Court would like a more fulsome response from Plaintiffs, [they] respectfully request until tomorrow at noon to file a response."

However, given the urgent nature of Defendants' request, the thoroughness of Plaintiffs' response, and the expedited deadline set by the Court, a more fulsome response from Plaintiffs is not needed.

Defendants are correct in noting that the issue of irreparable harm was a close call, and consequently, that they may suffer substantial harm if the TRO is not stayed is a close call. Most importantly, based on Defendants' representations disclaiming the issuance of dividends or buybacks pending their emergency appellate motions, the risk of harm to Plaintiffs from a temporary stay is nominal. In addition, a stay of the TRO would not simply allow Defendants to run out the clock, as Plaintiffs fear. Instead, a stay would pause the application of the TRO, and it would also not preclude Plaintiffs from later requesting a 14-day extension of the TRO pursuant to Federal Rule of Civil Procedure 65(b)(2), following resolution of interlocutory appellate proceedings. Plaintiffs will also be able to raise their arguments regarding the appropriateness of an interlocutory appeal and the need for a prompt resolution of the appeal directly with the Seventh Circuit.

Having reviewed the Motion to Stay and Plaintiffs' response, the Court **GRANTS** the Motion to Stay (Filing No. 78) and **ORDERS** that the October 9, 2026 Temporary Restraining Order (Filing No. 77) is hereby **STAYED** pending disposition of Defendants' forthcoming motion for emergency relief pending appeal.

**SO ORDERED**.

Date: October 10, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher G Aslin
NH Department of Justice
christopher.g.aslin@doj.nh.gov

Scott Leroy Barnhart
INDIANA ATTORNEY GENERAL
scott.barnhart@atg.in.gov

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
tbetz@taftlaw.com

Mark Bower
Office of the Maine Attorney General
mark.bower@maine.gov

Matthew Fitzgerald Chakmakian
Kelley Drye & Warren LLP
mchakmakian@kelleydrye.com

Betsy M. DeNardi
INDIANA ATTORNEY GENERAL
betsy.denardi@atg.in.gov

Levi Downing
Kelley Drye & Warren LLP
ldowning@kelleydrye.com

Wes Earnhardt
Cravath, Swaine & Moore LLP
wearnhardt@cravath.com

Joseph Gregory Eaton
BARNES & THORNBURG, LLP (Indianapolis)
joe.eaton@btlaw.com

Caitlyn Fields
Barnes & Thornburg LLP
caitlyn.fields@btlaw.com

Amanda Jane Gallagher
Barnes & Thornburg LLP
Amanda.Gallagher@btlaw.com

John Dalston Smith Gilmour
Kelley Drye & Warren, LLP
jgilmour@kelleydrye.com

Daniel J. Heintz
Cravath, Swaine & Moore LLP
375 Ninth Avenue
New York, NY 10001

William James Jackson
Kelley Drye & Warren LLP
bjackson@kelleydrye.com

Elizabeth Norris Krasnow
Kelley Drye & Warren LLP
ekrasnow@kelleydrye.com

Zoe Peer Makoul
Kelley Drye & Warren LLP
zmakoul@kelleydrye.com

Kristina Mentone
Cravath, Swaine & Moore LLP
kmentone@cravath.com

Laura B. Murphy
Vermont Attorney General's Office
laura.murphy@vermont.gov

William E. Padgett
BARNES & THORNBURG, LLP (Indianapolis)
william.padgett@btlaw.com

Michael T. Reynolds
Cravath, Swaine & Moore LLP
mreynolds@cravath.com

Owen van Ogtrop Robinson
Cravath, Swaine & Moore LLP
375 Ninth Avenue
New York, NY 10001

Lana Rowenko
Kelley Drye & Warren, LLP
lrowenko@kelleydrye.com

Lauren Elizabeth Schadt
Kelley Drye & Warren LLP
LSchadt@KelleyDrye.com

Chun Ling Junine So
Washington State Attorney General's Office
Junine.So@atg.wa.gov

Joseph Mitchell Tanner
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mtanner@taftlaw.com

Ming-Toy Taylor
Cravath, Swaine & Moore LLP
mtaylor@cravath.com

Daniel Mikhail Thompson
Barnes & Thornburg LLP
daniel.thompson@btlaw.com

Cory Christian Voight
INDIANA ATTORNEY GENERAL
cory.voight@atg.in.gov

Brittany Erin Wright
Office of the Attorney General of Texas
brittany.wright@oag.texas.gov

David I. Zalman
Kelley Drye & Warren, LLP
dzalman@kelleydrye.com